WILLIAM WATERBURY *against* AUGUSTUS LOCKWOOD.

MOTION for a new trial.

This was an action of trespass *vi et armis*, for taking and destroying a horse, a pair of fetters, and a halter. The writ was dated *July* 18th, 1808.

It was admitted, that the property of the goods was in the plaintiff; that the defendant was collector of the society rate of the first society in *Stamford*; that as such, he held several rate or tax bills duly assessed against the plaintiff, and lawful warrants to collect the same.

The defence relied on was, that the property was duly taken by virtue of said warrants, and due care and diligence used in preserving and disposing of it.

The defendant offered in evidence the warrant, with the endorsement thereon, which stated a demand of payment; the levy of the warrant on the property, on the first day of *July*, 1808; that the property was posted according to law; that previous to the time of sale the horse strayed or was stolen from the defendant's pasture, which had a sufficient and legal fence; that he made diligent search for and advertised the property; that the fetters were taken with the horse; that on the day, and in the manner prescribed by law, he sold the halter, which

An officer, having made a lawful levy, can be rendered a trespasser *ab initio* by a subsequent act of trespass only; not by an omission or neglect of duty.

June 1810.

WATER-
BURY
v.
LOCKWOOD.

remained in his possession, and also sold the horse and fetters, of which he neither had nor could regain possession; that on the 24th of *July*, he recovered the horse only; that on the 29th day of *August*, he again posted, and on the 18th of *September*, sold the horse, and applied the proceeds of the sales to the payment of said rates or taxes and cost.

To the admission of the warrant, with the endorsement thereon, the plaintiff objected, on the ground that it furnished no justification, nor could even go in mitigation of damages. The court overruled the objection.

The defendant claimed, and attempted to prove, that the horse was taken from the defendant's custody by the plaintiff himself, who, upon that point, introduced countervailing testimony. The plaintiff's counsel moved the court to instruct the jury, that upon these facts, unless it appeared that the plaintiff had regained possession of the horse, he was entitled to a verdict in his favour. The defendant, by his counsel, claimed the law to be so, that if he had used due diligence in keeping and securing the horse, which, without default or negligence on his part, strayed, or was stolen, or if after being so strayed or stolen, the horse was recovered, and on the 18th day of *September*, sold, and the avails duly applied as stated in the endorsement on said warrant, or if the horse was retaken by the plaintiff before said sale, that a verdict ought to be found for the defendant. The court instructed the jury, that the law was as claimed by the counsel for the defendant; in pursuance of which a verdict in his favour was returned.

The plaintiff moved for a new trial, on the ground that the court erred in receiving the warrant and endorsement in evidence; and, also, in charging the jury as above.

*Daggett* and *N. B. Benedict*, in support of the motion. We contend, that the defendant, by his own showing,

was in fact, as well as in law, a trespasser from the be-
ginning. The truth of the facts stated in the officer's
endorsement is not controverted. Proof of the taking
is *prima facie* evidence of a trespass; and it is clear that
an officer cannot justify under a warrant, unless he show
it returned. The question then arises, do the facts here
shown constitute a valid return? Our statute requires
the officer to post property levied upon forthwith, and
sell it at the end of twenty days. Was the property in
this instance sold at the time and in the manner pre-
scribed? The return furnishes a negative answer. It
cannot be admitted for a moment, that a sale of property
under our statute will be valid, unless when offered for
sale it be also submitted to the inspection of the pur-
chasers. Our courts will never open such a door to fraud.
Indeed the defendant has himself given a practical con-
struction of the effect of the first sale by posting and
selling the property a second time. The question, then,
is, do the facts stated in the return show an excuse, not
for selling the property under those circumstances, but
for not selling it at all? By our statute, collectors of
taxes have, as to the subject matter of their authority, the
same power as sheriffs, and are equally liable for abuses
or negligence in the execution of their duty. If it be
said that a collector is compellable to accept the office,
we answer, that when the law imposes a duty upon a ci-
tizen, it does not, at the same time, authorize him to
abuse or neglect his trust. In *England* a sheriff is
obliged under much severer penalties to accept an office
of much greater responsibility. Yet in *England* a she-
riff, after taking the body of a debtor in execution, can
only offer in excuse of an escape the act of God, or the
king's enemies. *Esp. Dig.* 610. 1 *Roll. Abr.* 808. *South-
cot e's Case*, 4 *Co.* 84. Upon a *fieri facias* the sheriff re-
turned, that he had taken divers goods which were res-
cued out of his custody; and it was held to be no return.
*Mildmay* v. *Smith et al.*, 2 *Saund.* 343. *Walter* v. *Chau-*

June, 1810.

WATER-
BURY
v.
LOCKWOOD.

*ner*, 1 *Vent.* 21. *The King* v. *Bill et al.*, 1 *Show.* 180. *Esp. Dig.* 203. And for good reasons; for the sheriff who has the *posse comitatus* at his command, shall not be admitted to say, that he could not complete execution, unless prevented by the act of God, or the king's enemies; he has also a remedy against the rescuers. And if the collector in this case could not be allowed to return that the property was rescued from him by force, we trust he cannot be admitted to say that it strayed or was stolen from him. His return is made *prima facie* evidence of the facts which it states, the truth of which it is difficult to controvert; and if such an excuse as is here presented be suffered to exonerate the officer from liability, it will furnish a cloak for the grossest negligence and fraud. With the greatest propriety the law, when it transfers the possession of property from the owner to its officer, guaranties a faithful application of that property to the purposes for which it was taken, except in case of events beyond the power of the law to control or resist.

We place the argument, then, on this ground. This officer has omitted a consummating act necessary to the validity of his return, the only excuses for which omission that the law receives, are the act of God, of the open enemies of the land, or of the plaintiff himself. Neither of these excuses is stated in the return; it ought, therefore, to have been adjudged no return, and, consequently, not permitted to go in evidence to the jury.

Can the fact that the property was afterwards recovered and sold, eke out the defence? By our statute, as has been stated, the officer must post the property forthwith, and sell it at the end of twenty days. Suppose the return stated not a levy upon the property, but merely a posting and sale; would this furnish a justification? But under the first levy it could only be sold at the end of twenty days. The second sale was nearly three months after. The return states no second levy. The second taking and sale does not appear to be by any authority,

June, 1810.

WATER-
BURY
v.
LOCKWOOD.

and was, therefore, a conversion of the property. The second sale was, consequently, such an act as would render the defendant a trespasser *ab initio*, if the warrant and return were admissible to prove the original taking lawful. At any rate, we think it will not afford an excuse for the omission of an act, the non-performance of which rendered the original taking a trespass.

But an objection is here started, that our suit was commenced before the time at which by law the officer could complete his duty. To this we answer, first, that service, and not the date of the writ, is the commencement of the suit for this purpose. Secondly, that the trespass charged relates to the time of *taking*, proof of which is *prima facie* evidence to support the action. The burden of proof, then, rests on the defendant; and he must either show that he has executed his warrant according to law, with a conformable return, or an excuse for not doing it. Now the subsequent facts are only evidence of the intent with which the defendant took the property; and if these facts, whether subsequent or anterior to the commencement of the suit, neither show an execution of the precept, nor excuse for failure, the defendant remains as before, being proved guilty of the trespass by proof that he took the plaintiff's property. Further, if this objection prevail, we think it also shows the charge of the court to be erroneous; for it is one ground of exception that the court charged the jury, that if after the horse strayed or was stolen, the defendant recovered possession, and sold the horse in *September*, as stated in the return, a verdict ought to be returned in his favour. Now, we presume, the court did not intend that these facts, shown by the defendant himself, were admissible evidence to prove him innocent, yet not admissible if they tended to prove him guilty. Again, these facts were of no importance to the defence, unless, as the case stood at the time of action brought, the defendant would have been liable in trespass; and

June, 1810.

WATER-
BURY
v.
LOCKWOOD.

the charge is, that these subsequent facts would exone-rate him from liability. But if the plaintiff had good cause of action when his suit was commenced, shall he have a verdict against him in consequence of subsequent acts by the defendant. We trust these acts cannot take away a right of recovery once vested; that at most the subsequent sale and application of avails to the plaintiff's benefit could only go in mitigation of damages.

The cases of *Smith* v. *Milles*, 1 *T. R.* 475. and *Cooper et al.* v. *Chitty*, 1 *Burr.* 20. do not touch the present case. They were actions by commissioners of a bankrupt's es-tate against a sheriff, who had levied upon the goods before the act of bankruptcy was known, and before any assignment. Trespass being an injury to the plain-tiff's possession, and the commissioners not having pos-session at the time of the levy, except by relation, the court said in those cases, that trespass would not lie for an injury to a right which existed only by a fiction of law. In *Gates* v. *Bayley*, 2 *Wils.* 313. the court only said, that after a special plea in justification, the plaintiff could not, under the general replication *de injuria*, give in evidence a subsequent abuse. It should have been specially assigned. But when the parties are before the jury on the general issue, as in this case, the objection goes for nothing. To the law, as laid down in the *Six Car-penters' Case*, 8 *Co.* 145. we agree; and answer that we do not rely upon a neglect to prove a trespass by relation; we say, the defendant omitted a consummating act with-out which he could not show his warrant returned. The neglect is urged by the defendant himself as an excuse for the omission. We say it does not excuse him. But as the law is laid down in the case from *Coke*, the de-fendant is a trespasser by relation, for selling the horse on the 18th of *September*, and showing no levy, except one made almost three months before, and under which that sale could not legally have been made.

6

*R. M. Sherman*, contra.

The only material consideration is, whether the facts were such as to prove the defendant a trespasser *ab initio*. If they did not show this, however erroneously the officer may have conducted, the charge of the court was correct, and trespass cannot be sustained. The rule deducible from the cases is, that an officer must either do a positive wrong, or omit to do a consummating act, or, in other words, omit to do that without which he cannot show that the original act was lawful. But the omission to take suitable care cannot relate back to render the officer a trespasser. A mere neglect cannot by a fiction convert an act originally lawful into a trespass. The act which relates back to render the officer liable in this form of action, or which demonstrates the taking to be wrong, must itself be a trespass. *Six Carpenters' Case*, 8 Co. 145. In *Gates* v. *Bayley*, 2 *Wils.* 313. which was trespass for taking and impounding cattle; plea that they were taken *damage-feasant;* the fact relied on to prove the trespass was, as in this case, a mere neglect of the defendant by which one of the cattle died; and by the whole court, judgment was given for the defendant. To render an officer a trespasser by relation, it must be shown that he acted intentionally wrong. A conversion which does not prove a bad intention in the first taking will support trover, but not trespass. *Smith et al.* v. *Milles*, 1 *T. R.* 476. *Cooper et al.* v. *Chitty*, 1 *Burr.* 20.

But an attempt is made in this case to prove the officer a trespasser, by facts which took place subsequent to the commencement of the action. This is surely a strong claim.

With respect to the first sale of the horse, we remark, that if the officer, *ex abundanti cautela*, did more than by law he was required to do, and from which the plaintiff suffered no injury, it will not vitiate his other acts.

WATER-
BURY
v.
LOCKWOOD.

BALDWIN, J. (after stating the case.)   The first point made on this motion is, that the superior court improperly admitted in evidence the warrant in the hands of the defendant, and his endorsement thereon, showing that he took the horse, &c. by virtue of those warrants, and advertised the same for sale, &c.   To the admission of this evidence it was objected, that it furnished no justification, because the history of the subsequent proceedings of the officer, therein detailed, manifested such irregular conduct and neglect of duty, attended with a loss of the property, as rendered him still liable to the plaintiff's demand as a trespasser *ab initio*, and of course could not avail him as a defence.

It then becomes important to inquire what conduct of the officer will, by relation, make him a trespasser *ab initio*.   An omission or neglect of duty is not sufficient. The action of trespass cannot be supported where no trespass has been committed; yet in some cases an act in itself lawful, may, in consequence of another act, by relation become a trespass; but in all such cases, the subsequent act must be an act of trespass, and committed before action brought.   In this case, no such subsequent act of trespass appears.   At most, the conduct of the defendant is a neglect of that care and diligence which the law required of him; and though such neglect may make him liable in a proper action, it cannot make him liable in this.   There is nothing on the return showing either an abuse of the power given by law to the defendant as collector, nor any actual trespass by him committed on the property taken, which can, by relation, make him a trespasser from the beginning.   I am, therefore, clearly of opinion, that the warrant and return were admissible to show that the taking on the first of *July*, 1808, was lawful; and that at the date and service of the plaintiff's writ, no trespass had been committed by the defendant. They furnish *prima facie* evidence of these facts, and a

justification to that time, and if not rebutted, must produce a verdict in favour of the defendant.

The second point is, that the charge was incorrect.

It is evident, from the statement of the case before us, that no question was raised, as to the truth of the fact of the levy, nor any pretence of actual trespass on the property other than by the levy; and if I am correct in my premises on the first point, it will follow, of course, that the defendant was entitled to a verdict. Though the question of due diligence, and of other facts submitted to the consideration of the jury, were not necessary to a correct decision; yet the fact that they were so submitted and found in favour of the defendant, can surely furnish no ground in favour of the plaintiff for a new trial; for if they had found otherwise, it would have been immaterial, and the verdict is now on legal principles correct.

I would not advise a new trial.

In this opinion the other judges severally concurred.

New trial not to be granted.