AARON SHULTZ & AARON STREETER, *Plaintiffs in Error,*

*vs.*

ISAAC FRANK, *Defendant in Error.*

ERROR TO THE JEFFERSON COUNTY COURT.

Section 43, of Chapter 88 of the Revised Statutes, abolishes all distinctions between actions of trespass and trespasss on the case, when brought before Justices of the Peace, for injury to the person or to property.

By adopting case, instead of trespass, no implication arises against the plaintiff. He does not, thereby, waive the taking or the force.

The same latitude of proof is afforded in action of trespass on the case, as in action of trespass.

The declaration of the defendant while engaged in removing personal property, that he does so by virtue of an execution against the plaintiff, or owner of the property, is no proof of the fact.

To justify the taking by virtue of legal process, he must plead it in justification, and prove it on the trial.

This was an action of trespass on the case commenced, by the defendant in error against the plaintiff in error, before a justice of the peace of Jefferson county, by whom judgment was rendered in favor of the defendants below, now plaintiffs in error. The plaintiff below sued out a writ of certiorari from the County Court of Jefferson county. Upon the coming in of the return of the justice, at the September term, A. D. 1852, the County Court reversed the judgment of the justice; to reverse which judgment of the County Court, this writ of error is brought.

The record exhibits the following case: On the 27th day of March, 1852, a summons was issued by H. N. Carlton, a justice of the peace of Jefferson county, at the suit of Isaac Frank against Aaron

Schultz and Aaron Streeter, in a plea of trespass on the case, returnable the eighth day of April, 1852, at 1 o'clock P. M. On the return day of the writ, the parties appeared. The plaintiff filed a declaration in writing, as follows :

"*In trespass on the case.* The plaintiff declares in damages, and complains of the defendant for this, to wit : That on or about the third day of December, 1851, and on divers other days, until the 22d day of December, 1851, in the town of Concord and the town of Ixonia, in Jefferson county, the said defendants did, wilfully, maliciously, carelessly and neglectfully, by their own acts, and by the acts of their hired men-servants, and those in their employ, damage, injure and destroy a certain quantity of broom-corn brush, the property of the said plaintiff, in the following manner, to wit : by tearing the same to pieces with pitchforks, trampling upon it with their feet, breaking the covers, and rendering the same unfit for use. And the said plaintiff further complains of the said defendants for this, to wit : On the above-named day and in the above-named places, said defendants and their hired men did strew, scatter, and leave in the fields and highways, a portion of the said broom-corn brush ; leaving the same to be destroyed. Said plaintiff further complains of the said defendants for throwing a portion of said broom-corn brush into a pile, together with hay, straw, oats in the sheaf, and other things improper to be thrown into and mixed with said broom-corn. Said plaintiff also complains of said defendants for this, to wit : That, on the day, and times and places first above named, said defendants did, by their own neglect, and the neglect of those in their employ, suffer horses, hogs, sheep, turkeys, fowls

23

and cattle to run, trample, feed and roost upon said broom-corn. Said plaintiff further complains of said defendants for this, to wit: That on or about the third day of December, 1851, said defendants did, in the town of Concord, open the fence and fixtures of the said plaintiff, thereby leaving the same open and down, and suffering divers cattle to remain over night in said plaintiff's barn, upon grain and grass seed, the property of said plaintiff, to the damage of the said plaintiff one hundred dollars.

"Dated at Concord, April 18, 1852."

To this, the defendants pleaded the general issue, On the 19th day of April, 1852, the cause was tried by the justice, and the following facts appeared in evidence. The defendants and others in their employ, drew a quantity of broom-corn from the barn of the plaintiff, in the town of Concord, to the barn of one Adams, in the town of Ixonia. The corn was loaded on to a wagon with pitchforks, and unloaded in the same manner. Some of the bundles were broken open in the process of moving, and were not tied up again. It was more or less injured in the moving, and it might have been moved without injury if it had been properly tied up. The proper mode of moving the corn would have been to tie it up in bundles, and carefully move it with the hands. The covering of the broom-corn is the most valuable part of it, and this was badly broken. The damage done to the corn was about $35 or $40. The plaintiff below remonstrated against the manner in which the defendants handled the corn. Schultz employed some of the men to move the corn, and Streeter was present, directing and assisting in the moving. The corn was left in the barn of Adams in an unsafe condition, and, while

there, was injured by fowls and cattle. The plaintiff's barn was also left open by the defendants, and cattle got in and damaged the plaintiff's grass seed.

E. R. Adams, for the defendant, testified, that " Streeter and one Ramsay drew some broom-corn to his barn on the third day of December last. They had my team and wagon. Streeter and Schultz said they wanted to draw some broom-corn from Frank's barn and put it in my barn. They, Streeter and Ramsey, drew the corn and put it into my barn. I told Streeter I thought it was not necessary to move the corn from Frank's barn. Schultz engaged my barn to put the corn in, and said he would be responsible for the pay."

On cross-examination, he said " Streeter said he had an execution against Frank. * * I had a colt that run into the barn and injured the corn some. * * The next day, the horses trod on the corn and injured it some.

The above statement of the evidence is sufficient to discover the merits of the case, and to illustrate the points decided.

Errors assigned. 1st. The County Court erred in reversing the judgment of the justice.

2d. The court erred in awarding costs to the plaintiff in error below.

*J. J. Enos and Collins & Smith*, for the plaintiffs in error. The defendant in error having, both in his declaration and proof admitted or assumed, that the plaintiffs in error had a right to remove the broom corn, he cannot now set up as error that they showed no right or authority by proof. *Jencks vs. Smith*, 1 *Comst. R.* 90 ; *Fort vs. Monroe*, 20 *Wend.* 210 ; *Oakley vs. Van Horn*, 21 *Wend.* 305 ; 3 *Johns. R.* 439.

The defendant in error, having brought an action of trespass on the case, instead of trespass, thereby

JUNE TERM
1853.

Schultz and
Streeter
vs.
Frank. admitted the original taking to be lawful. The tortious taking was thereby, if any such there were, was waived.

*D. Hall*, for the defendant in error.

The declaration was so framed as to claim all the injury to the broom-corn, whether it resulted from moving it with ordinary care, or from unskilfulness and negligence. Sec. 43, on page 449 of R. S. authorizes a party to bring this action for the injury complained of. And the fact that "action on the case" was brought, instead of trespass, can in no way be tortured into an admission by defendant in error that plaintiffs in error had a right to take from his possession his broom-corn. But in this action he may claim the full amount of his damages.

It is true, that defendant in error went on to show on the trial that it had been moved in a negligent and unskilful manner. But how else could he show the character and extent of his damages?

The third assignment of error to the justice's judgment, is, that it was contrary to law and the evidence in the case, or in other words, that the judgment is entirely contrary to and unsupported by the evidence on the trial of the cause. The question before the justice's court was simply, whether the broom corn was injured by moving it or after it was placed in Adams' barn, before it come again to the possession of defendant in error. While there is conclusive evidence that it was injured, there is no rebutting testimony to meet the issue made and the evidence given. As to the injury done, there is no conflict of testimony. All that plaintiffs in error attempted was to show that the injury was not done by carelessness and negli-

gence in moving it    But this meets only a small por-
tion of the case, and even that is attempted by wit-
nesses who confess that they knew nothing about the
business.    But if plaintiffs in error had accomplished
all they attempted, still the justice's judgment is un-
supported.    Because it does not matter to defendant
in error whether the injury done was the natural
result of moving the corn, or was caused by negligence
and unskilfulness, so long as they showed no authority
to move it at all, and that it received some injury was
inevitable, and Lawrence Frank swears directly to the
damages and he is the only witness to that point.

And there is one count of the declaration which
claims damages for the injury done at Adams' barn.
If defendant in error had failed on all other counts,
and had sustained this, there can be no doubt that he
would be entitled to recover.    That he did sustain
this count the evidence shows conclusively.    And to
the evidence on this point there is not a particle of
rebutting testimony.    The rule in relation to conflict
of testimony can have no application here, for the tes-
timony is all one way.    Lawrence Frank, speaking of
the corn while in Adams' barn, says, folio 12, " I saw
a colt and some hogs on the corn one day," and " the
covering of the corn was badly broken ;" "the cover-
ing is the most valuable part of broom-corn."    Adams
confirms the testimony so far as the colt is concerned,
in folio 21, and also that " the horses trod on it and
injured it some."    Ramsay also says, folio 5, " the
hens knocked some broom-corn off the mow, the colt
got into the barn and pulled some corn from the mow."
To all this, as I have before said, there is no rebutting
testimony.    Hence the justice's judgment has nothing
to sustain it, and the county court was right in revers-

ing it. 2 *Hill*, 124; 4 *Denio*, 575; 23 *Wend.* 610; 25 *do.* 280. Especially as the R. S. requires the justice to return all the facts and evidence, sections 217-220, on page 475, and also requires the judge to give judgment as the very right of the matter shall appear— same page, sec. 223.

The justice also erred in taxing 30 folios evidence, folio 34. The statute does not give any such fees.

The only way in which the costs of the justice can be collected is by taxing up the costs against the losing party, upon a reversal of judgment, letting them follow the result of the suit. 5 *Hill*, 507.

*By the Court*, SMITH, J. The declaration in this case is informally and inartificially drawn. It is just such a declaration of the cause of action, as might be supposed, drawn by one ignorant of the forms of law, before a tribunal, of which technical precision is not required, but to which the substantial equity of the law makes its most frequent appeals. To relieve Justices of the Peace from the embarrassments which frequently arise, to perplex even higher tribunals, out of the logical distinction between actions of trespass on the case, and actions of trespass, the 43d section of chap. 88 of the Revised Statutes was doubtless enacted. This section provides, that, "when by the wrongful act of any person, an injury is produced, either to the person, property, or rights of another, or to his servant, child or wife, an action of trespass on the case may be brought to recover damages for such injury, whether it was wilful, or accompanied by force or not, and whether such injury was a direct and immediate consequence from such wrongful act, or consequential and indirect."

The design of this section was, to abolish, in regard

to actions brought before justices of the peace, all distinction between trespass and trespass on the case. By adopting the one, therefore, instead of the other, no implication can arise against the plaintiff. By bringing case, he cannot be considered as waiving the taking, or the force. We cannot, therefore, admit the position assumed by the plaintiffs in error, that the defendant in error has admitted in his declaration and proof, that the plaintiffs in error had a right to remove the broom-corn. Neither do the cases cited, in our opinion, sustain that position. The same latitude of proof was extended to the plaintiff below in the action of case, that would have been in the action of trespass.

The proof before the justice, shows, that the plaintiffs in error seized a quantity of broom-corn, belonging to, and in possession of the defendant in error, and removed the same from his barn, in the town of Concord, to the barn of Adams, in the town of Ixonia. It appears by the testimony of Ramsay, that the corn was in good condition in Frank's barn. That when the bundles, in the moving, became untied, the plaintiffs in error and his assistants did not tie them again. That "the hens would knock the corn down, and the colt would run on it." It also appears from the testimony, that the corn was taken from the possession of the defendant in error and removed to the barn of Adams, where it remained some four weeks. It is equally clear that it was injured in the moving. The plaintiffs in error do not show the slightest right or authority to interfere with the corn, or with the possession of the defendant in error. The injury done appears to have been wilfully done, as no justification for meddling with the corn is alleged or proved. The

first count in the declaration is sustained by the proof, to wit: in damaging, injuring and destroying the same, by tearing the same to pieces with pitchforks, trampling upon the same, &c. To this injury, as proved, there is no justification alleged by the pleadings. No right is shown in any manner to interfere with the corn, and in this respect, no conflicting proof whatever appears.

It is true, Streeter, one of the plaintiffs in error, told Adams that he had an execution against Frank. Yet he neither pleads it nor proves it. He may or may not have had it. He may have told Frank that he had one, and that may be the reason why Frank did not resist him in taking the corn. It is asking too much of this court to presume that he had an execution, or any lawful authority for removing the corn of the defendant in error, when he neither alleges it in his pleadings, nor attempts to exhibit it in proof.

The judgment of the County Court must therefore be affirmed, with costs.