Williams *v.* Ives and another.

---

## WILLIAMS *vs.* IVES AND ANOTHER.

A writ of attachment, not returned to the court to which it is returnable, constitutes, after the time limited by law for its return, no justification of an officer who has attached and removed property under it.

By the omission of such return, such officer becomes a trespasser *ab initio*.

And the duty of the officer to make such return, and its necessity to his justification, are the same, although he discovers after the attachment that such writ was issued and placed in his hands for service without authority from the plaintiff, who repudiates the proceeding, and although he immediately on such discovery returns the property to the owner.

And the officer in such circumstances is liable for the actual damage caused by the trespass.

Williams *v.* Ives and another.

It is the duty of an officer in such circumstances, on discovering that the writ was issued without authority from the plaintiff, to restore the property to the owner, and make a true return of the facts on his process to the court.

THIS was an action of trespass *de bonis asportatis*, brought against Wooster Ives and Frederick W. Bartholomew.

The defendants pleaded the general issue, with notice that they should offer evidence to prove that the defendant Ives, at the time of the alleged trespass, was a constable of the town of Wallingford, and that one Alvin Hull had shortly before put into his hands for service a lawful writ of attachment in favor of the defendant Bartholomew against the plaintiff, returnable to the superior court for the county of New Haven, signed by a justice of the peace for New Haven county, and directed to the sheriff of New Haven county, his deputy or either constable of said town of Wallingford, and that the defendant Ives, in pursuance of the precept of said writ, attached by virtue thereof the property described in the plaintiff's declaration, and made service thereof according to law.

The cause was tried to the jury upon an issue closed upon the above plea, at the term of the superior court held in the county of New Haven, in December, 1856.

On the trial the plaintiff introduced evidence to prove that the defendant Bartholomew had prayed out a writ of attachment in his own name against the present plaintiff, on the 20th of November, 1854, and that Ives, the other defendant, being a constable of the town of Wallingford, in obedience to the requirements of the writ, had attached and removed the personal property named in the declaration, had kept it in his possession from four to six days and had then returned it; and had never completed the service of the writ by leaving a copy with the defendant, or by a return thereof to the court to which it was made returnable.

The defendant Ives claimed to have proved, that one Alvin Hull had placed the writ in his hands, with directions to serve it according to its precept, and that it was issued by legal authority, and was *prima facie* a legal writ; that, in obedience to its precept, he proceeded to attach by virtue

thereof, the property described in the plaintiff's declaration, as a lawful constable of the town of Wallingford; that he attached and removed the property and kept it in his custody for two or three days, when Bartholomew told him that he had never authorized the issuing of the writ, and would not authorize the service thereof by him, and requested him to proceed no further in the service, and return the property to the owner; that having satisfied himself that Bartholomew had never prayed out the writ, and that the justice who issued it had no authority from Bartholomew, acting in good faith, he immediately restored the property and stopped all further proceedings in the service of the writ.

The defendant Bartholomew claimed to have proved, that he had no knowledge either of the issuing of the writ, or of the attachment of the property, until after the attachment had been made by the officer, when he totally repudiated the issuing or further service of the writ.

The plaintiff further claimed to have proved, that by the attachment he had been broken up in his business, and that the property itself had been greatly injured, and that he had thereby sustained damage to the extent set forth in his declaration.

Upon the whole case the plaintiff asked the court to charge the jury, that if they found the facts as claimed by the defendant Ives, still he was liable in this action of trespass, for all the damages the plaintiff had sustained.

The said Ives asked the court to charge the jury as follows:

1st. That upon the conceded facts, he was not liable in trespass, but only in an action on the case for neglect of duty in not completing the service of the writ.  2d. That when a writ of attachment, apparently legal, and in fact issued by a magistrate having authority to issue writs of attachment, is placed for service in the hands of the officer to whom it is directed, it is his duty to serve the same by an attachment of the property of the defendant named in the writ; and that if an officer has commenced the service of such writ by an attachment of property, and afterward discovers that the person named as plaintiff in the writ, in fact never prayed it out and re-

quests the officer to proceed no further in the service thereof, these facts constitute a sufficient legal excuse for proceeding no further in the service of the writ. 3d. That having made the attachment as constable in pursuance of the writ, and having in good faith, on learning that the writ was issued without authority, returned the property to the owner, and stopped the further service thereof, he was liable only for damages arising from the neglect to return the writ, which were nominal.

Upon the various claims the court charged the jury as follows:

1st. That an action of trespass may be maintained against an officer who has attached property and neglected to return the writ by virtue of which he made the attachment. 2d. That when an officer attaches personal property upon a writ, good on its face, he must complete the service and make return of the same to the court described therein, or show some legal excuse for not so doing. That if the person described as plaintiff in the writ never authorized the issuing of the same, and had no knowledge thereof, and the knowledge of the fact came to the officer after the attachment, still this would not be a legal excuse. Neither would such knowledge coming to the officer, together with the request from the nominal plaintiff to proceed no further in the service of the writ, and return the property to the owner, be a legal excuse. 3d. That in this case the defendant Ives was liable for the actual damages, and the jury might take into consideration the necessary expense of prosecuting the suit over and above the taxed costs. And if he had committed the acts charged with malice, then the jury might give exemplary damages.

The jury returned a verdict against the said Ives and in favor of the said Bartholomew; whereupon the said Ives moved for a new trial.

*Doolittle*, in support of the motion, contended,

1. That the officer under the circumstances of this case was not liable in this form of action. A mere omission to

perform his duty will not render him liable in trespass. *Waterbury* v. *Lockwood*, 4 Day, 257.

2. The officer had a sufficient legal excuse for proceeding no further with the service of the writ, viz.: The plaintiff had never prayed out the writ. *Jordan* v. *Gallup*, 16 Conn., 536, 543. *Parker* v. *Walrod*, 16 Wend., 514. *Earl* v. *Camp*, 16 ib., 562. There is no reason why the writ should have been returned to court. The defendant could recover no cost. The case would have been at once stricken from the docket. The officer could have no better excuse than the fact that the process should never have been served. The officer would have been liable to Bartholomew if in defiance of his directions he had completed the service of the writ.

3. The officer was liable for nominal damages only. *Rich* v. *Bill*, 16 Mass., 294. *Jordan* v. *Gallup*, Supra. *Clark* v. *Smith*, 10 Conn., 1, 6.

*Ives*, contra.

1. An officer justifying under mesne process after the time appointed for its return, must show that he has returned it, and either offer his return in evidence, or give some legal excuse for not doing so.

2. Inability to return process, arising from inevitable accident, or other cause beyond the control of an officer, will alone legally excuse him for not returning it. In this case the officer having seen fit to disregard the mandates in the writ when but half performed, can not justify under it. If he relies upon civil process to protect him, he must obey its precepts.

3. The leaving of a true and attested copy of a writ with an indorsement of his doings by an officer, in case of an attachment, and a return of the process properly indorsed to the proper court, are consummating acts without which no attachment can be made, and the absence of which renders an officer a trespasser *ab initio* in case he has removed property.

4. In this case the officer can not justify under process not served upon the defendant in the original suit, and properly

indorsed and returned, and therefore he is a trespasser, and as such liable in damages to the same extent as other and private individuals. *Bond* v. *Wilder*, 16 Verm., 393. *Layton* v. *Cooper*, 1 Penning., 63. *Jordan* v. *Gallup*, 16 Conn., 536. 2 Greenlf. Ev., sec. 629. *Pierce* v. *Benjamin*, 14 Pick., 356.

HINMAN, J. The defendants ask for a new trial on three grounds; 1st. Because an action of trespass will not lie against the officer, who, it is said, has only been guilty of a mere omission to perform his duty in not returning his process; 2d. Because he had a sufficient legal excuse for not proceeding further with the service of his process; and 3d. Because the damages should have been merely nominal, and the court ought so to have charged the jury.

On the first point we are referred to the case of *Waterbury* v. *Lockwood*, 4 Day, 257, as showing that trespass will not lie against an officer for a mere neglect of duty. But the neglect in that case was not a neglect to return the process; but a neglect to take such care of the property levied upon, a horse, as to prevent its straying away, in consequence of which the officer could not sell it at the time appointed for that purpose. The case was similar to that of *Gates* v. *Bayley*, 2 Wils., 313, where it was held that the mere neglect to take such care of cattle impounded as to prevent one of them from dying, was not such an act as would render the impounder liable as a trespasser *ab initio*. In such cases the neglect of duty has reference to the care which is taken of property which is lawfully in the officer's custody; and for such neglect he can not be sued in trespass, because he has been guilty of no positive wrong; and the rule is, that in order to render an officer liable as a trespasser, he must either do some positive wrong, such as using property lawfully taken as his own, instead of keeping it merely as in the custody of the law; or he must omit to do that, without which he is precluded from showing that the original act of taking was lawful, as in the case under consideration, to make return of his process. He must justify by his process, or he stands in the condition of a naked trespasser without process.

And he can not prove by parol, that he had a legal warrant, but he must show it, and must show by his return upon it what he did under it, that the court may see whether his acts are justified or not.

That a mere nonfeasance is not such an abuse of an authority given by law as renders a party liable as a trespasser from the beginning, was one of the resolutions of the court, in *The Six Carpenters' Case*, and has been held as law ever since, but it does not affect this question, in which the defendant Ives, by neglecting to return his writ, is unable to show that he had any process which would justify the original taking of the property. That mesne process must be returned, or acts done under it will be deemed to be tortious, is sufficiently shown by the case of *Rowland* v. *Veale*, Cowper, 18, which, on this point, was decided on the authority of *Freeman* v. *Blewitt*, 1 Salk., 409, and a case in 2 Rol. Ab., 569, and has been followed by *Cheasley* v. *Barnes*, 10 East, 73, and our own case of *Jordan* v. *Gallup*, 16 Conn., 543, and is now believed to be law wherever the common law prevails. If there is no return of the process, it is, at least after the time limited by law for its return, the same in effect as if there was no process, because none can be shown. The act therefore, whether it be a taking of the body, or an attachment of property, being forcible and direct, is of course a trespass.

The second point made by the defendants, is involved in the decision of the first. Had the officer, when he discovered that the writ was issued without any authority from the plaintiff, returned the property to the owner, and made a true return of the facts upon his process to the court, he would then have been in a condition to claim that his acts were excusable under the circumstances. But as he made no return of process he is precluded from showing that he had any; and as he could only justify his original taking by his process, he stands, as to acts done under it, in the light of a trespasser.

The charge of the court in respect to damages, so far as it relates to the question of whether nominal damages only

should be given, appears to us to be unexceptionable. It is true the jury were told that they might take into consideration the necessary expense of prosecuting the suit over and above the taxed cost, in their estimate of damages. We presume there was sufficient evidence of wantonness on the part of the officer to justify this part of the charge, or counsel would have made a point of it, which has not been done. That the jury may consider the expense of a plaintiff in obtaining redress for a wanton or malicious injury, has been too often and too recently decided to be now made a question. We only allude to this subject therefore, that it may not be considered that the court intend to sanction the idea, that vindictive damages are to be given in all cases of trespass, or that the expenses of litigation, which the jury are usually advised they may take into consideration in cases of wanton, malicious or culpable injuries, are in fact any thing strictly recoverable by way of damages. But they are only to be considered as a reasonable ground for increasing the vindictive damages, recoverable in a class of cases, in order that a plaintiff in this class of cases may not be impoverished by the expense of the litigation necessary to obtain justice.

We do not advise a new trial on any of the grounds on which it is asked.

In this opinion the other judges, STORRS and ELLSWORTH, concurred.

New trial not advised.