H. C. MASTERS, *Sheriff*, v. ROBERT R. TELLER.

(Filed April 10, 1899.)

DAMAGES—*Taking of Property—Defense*. In an action to recover damages against the defendant for the taking of property, the taking having been shown, the burden of proof then shifts to the defendant, who must justify; and in order for the officer who has taken the property, under an execution, to make his justification complete, he must aver in his pleadings and show in his evidence a valid writ, issued by a court of competent jurisdiction, and if he has not averred these facts and proved them, his defense must fail, if he invokes the rule upon his authority as an officer under a writ of execution.

(Syllabus by the Court.)

*Error from the Probate Court of Kay County; before Robert Neff, Probate Judge.*

*A. A. Byers,* for plaintiff in error.

*V. H. Brown* and *Cotteral & Hornor,* for defendant in error.

On petition for rehearing; former opinion reaffirmed. Opinion of the court by

McATEE, J.: The petition for rehearing avers, first, that "the court has overlooked the fact that the main issue upon which this case was tried in the court below was upon Robert R. Teller's right to claim and recover the property taken by Masters, sheriff, and that it was not tried upon the question of the validity or invalidity of any judgement or execution under or by virtue of which Masters was acting." The justice who prepared the opinion in this case in the first instance was not present or

sitting with the court when the rehearing was granted.

It would seem that the statement of facts in the original opinion (7 Okla. 668.) adequately covered the point in question, since it is there stated that the amended petition of Teller, upon which the case was tried, charged that Masters was the sheriff of Kay county on the first day of January, 1896; that the plaintiff was at the time the owner and in the lawful possession of a sorrel mare and a buggy, valued at two hundred dollars; that Masters levied upon the property mentioned as the property of W. J. Morgan; that Masters was thereupon notified by William Morgan, the father of W. J. Morgan, who had possession of the property on behalf of the plaintiff, Teller, that the property was owned by the plaintiff, and that notwithstanding that fact, Masters deprived the plaintiff of it and converted it to his own use, and for damages.

Evidence upon all these points was submitted to the jury, which found in favor of the plaintiff. Since evidence was produced to the jury touching all these points, which are all the material points averred in the petition, the verdict of the jury necessarily included their consideration, and the court here is precluded from inquiring into those facts; and it would seem that a statement of the summary of the evidence ought to be sufficient here to preclude another hearing, since to include the testimony in the opinion of the court would be to add about one hundred and eight pages to the volume of the opinion.

It is in the second place contended that "since the plaintiff charged in his amended petition that Masters was acting under a pretended execution, that this is a material part of the plaintiff's pleading, and that it must be proven; and that the plaintiff must offer some proof, at least, that the said execution was not valid, and that

until the plaintiff does that, the presumption of law is that the sheriff was acting within the scope of his powers or authority; and that the acts of all courts and officers are presumed to be fully in accordance with law until shown by positive evidence that he was not so acting, and in this case the said Teller did not prove or offer any proof whatever that the execution under or by virtue of which Masters levied upon said property, was not valid, and that they failed in their proof in that part of their petition, thereby not requiring the defendant, Masters, to prove that it was valid."

No authority is cited in support of this proposition, and if the court here should support it, we should have to make a case of original impression, and buttress it as we might, without authority, for we cannot find that any court has ever supported it.

It was said in Waterman on Trespass, sec. 606, that:

"The taking being proved, it is for the defendant to justify the act, which *prima facie* is a trespass. If the defendant allege the authority as an officer to seize the property in controversy, it is a defense in the nature of an avoidance of the plaintiff's claim for damages. The whole issue is then on the justification set up in the answer, and it is incumbent on the defendant to go forward and establish his defense."

And it is stated again in the same work, that: "If the trespass be justified under civil or criminal process, the defendant must prove every material fact of the authority under which he justifies." (Waterman on Trespass, sec. 607.)

In Bacon's Abridgment it is said that: "It is incumbent upon the sheriff to give in evidence a copy of the

—18

judgment upon which the writ  is  issued." (Bacon's Abridgment, Trespass, G. 23.)

The general rule is thus stated by Mr. Cobbey in his work on Replevin: "Where the defendant is an officer, he must plead a valid execution and judgment, and prove them." (Cobbey on Replevin, sec. 759.)

In *Mericle v. Mulks*, 1 Wis. 366, the court says:

"Where in an action of trespass the plaintiff calls the defendant or a co-trespasser to prove the trespass, and in so doing he testifies that the acts were done by virtue of a warrant or other authority, such statement cannot be made available to the defendant as a justification. There is no legal presumption from such statement that the acts complained of were authorized, or that the process was regular, but the authority or process itself must be shown."

In *Shultz v. Frank*, 1 Wis. 352, it is held that: "To justify the taking by virtue of legal proceedings, the defendant must plead it in justification and prove it on the trial."

In *Taylor v. Morrison*, 73 Ill. 566, the defense was that the defendant had acted under a writ of replevin. After stating that there was some question as to how far a valid writ of replevin would protect the officer in levying on property claimed by a third person, the court says:

"Under any view of the law the sheriff and those acting under him, to make their justification complete must show a valid writ, issued by a court of competent jurisdiction, attested in the usual form, particularly describing the property taken with sufficient certainty to identify it, or, in case the writ is lost or destroyed, its contents must be proven. This has not been done, and the question upon which defendants rest their defense does not arise in the case. They took and carried away the property of plaintiff, and have shown no justification whatever. So

far as this record discloses it was an unwarrantable trespass, and all the jury had to do was to assess the plaintiff's damages for taking his property." (*Sexey v. Adkinson*, 34 Cal. 346; *Wyatt v. Freeman*, 4 Col. 14; *Damon v. Bryant*, 2 Pick. 411; *Parker v. Walrod*, 16 Wend. 514; *Candee v. Lord*, 2 Comst. 269; *Williams v. Ives*, 25 Conn. 568; 2 Greenleaf on Evidence, 629.)

The brief of the defendant in error confronted the plaintiff in error at the time of the filing of his petition for rehearing here, and should have been more carefully considered before proffering the proposition which he has made in his application, that the defendant, in the capacity of sheriff, levied upon the property with a pretended execution, pretended to be issued by Giles to satisfy a pretended judgment, which was no part of the plaintiff's case. It was unnecessary for him to prove it; all that he had to do was to prove that the property was his own, and was taken from his possession by the defendant. Necessity then arose for the defendant to justify the acts; and in order to do that it was necessary for him, under all the authorities, to plead a valid execution and judgment and to prove them, and in order to do so, it was necessary for him to give in evidence a copy of the judgment upon which the writ was issued, to aver his writ specifically, and to give in evidence the writ and a copy of the judgment upon which the writ was issued; or, as was said in *Shultz v. Frank*, quoted above, to "plead it in justification and prove it on the trial," and as was said in *Taylor v. Morrison*, quoted above, to "show a valid writ issued by a court of competent jurisdiction, attested in the usual form," and the court there says that the defendant "took and carried away the property of the plaintiff and has shown no justification whatever," and that "so

far as this record discloses, it was an unwarrantable tres-
pass, and all the jury had to do was to assess the plain-
tiff's damages for taking his property." The remarks of
the court, as cited above and applicable to this case, were
all found in the brief of the defendant in error at the
time the petition for rehearing was filed, and the propo-
sition reiterated, as stated above. The plaintiff in error
wholly failed to so plead, as the law manifestly requires,
and as was stated in the original opinion in the cause.

The judgment of the court will, therefore, be affirmed.
All of the Justices concurring.