Densmore v. Tomer.

HARVEY B. DENSMORE, PLAINTIFF IN ERROR, V. A. C. TOMER, DEFENDANT. IN ERROR.

**Sale:** FRAUD: VENDOR AND VENDEE: BURDEN OF PROOF. The retention of the possession of goods by the seller in case of an absolute sale, is, as against creditors, only *prima facie* evidence of fraud. In such case it puts upon the vendee the burden of satisfying the jury that the sale was fair and entered into in good faith.

ERROR to the district court of Stanton county. Tried below before BARNES, J.

*M. McLaughlin* and *J. C. Crawford*, for plaintiff in error, cited Bump on Bankruptcy, 6th Ed., 385. *McKibbon v. Martin*, 64 Penn. St., 352 (3 Am., 588). *Ingalls v. Herrick*, 102 Mass., 351 (11 Am., 360). *Marsh v. Armstrong*, 20 Minn., 81 (18 Am., 355).

*E. P. Weatherby* and *W. M. Robertson*, for defendant in error, cited *Ketchum v. Watson*, 24 Ill., 591. *Luke v. Morris*, 30 Conn., 301. *Cadbury v. Nolen*, 5 Penn. State, 320. *Dewart v. Clement*, 48 Id., 413. *Burrows v. Stebbins*, 26 Vt., 650. *Vance v. Boynton*, 8 Cal., 554. *Monroe v. Hussey*, 1 Oregon, 188. *England v. Commercial Insurance Co.*, 16 La. Ann., 5. *Brown v. Keller*, 2 Grant, 144. Bump on Fraudulent Conveyances, 60–103.

MAXWELL, CH. J.

This is an action to recover from the defendant, who was assignee in bankruptcy of the property belonging to the firm of Densmore and Hopper, the value of certain property taken by him as assignee. In the year 1876 the plaintiff was a resident of the state of Illinois, and the firm of Densmore and Hopper was doing busi-

ness at Stanton, in this state. In October of that year, C. M. Densmore, the senior member of said firm and a son of the plaintiff, applied to him, at his residence in Illinois, to purchase the stock of goods belonging to the firm. It is claimed that a sale was effected for the sum of $1,500—$1,000 in cash, and $500 in an antecedent debt, being between $200 and $300 more than the goods were worth, the surplus to be used to purchase more goods. The son was to remain in possession, sell the goods, receive pay for his services, and retain a living for his family out of the proceeds of the sale. The plaintiff had never seen the goods at the time of the purchase, and there was no actual change of possession, C. M. Densmore continuing to sell the goods in the same manner after as before the sale. At the time of the sale the firm of Densmore and Hopper were indebted in a considerable amount to various parties and firms, a large portion of which would become due in a few months after the sale. While there is some conflict in the testimony it is pretty clear that the plaintiff had notice of these facts at the time he purchased. In the year 1877, Densmore and Hopper were adjudged bankrupts on their own petition, and the defendant being appointed assignee took the goods in controversy as the property of the bankrupts. The plaintiff thereupon instituted an action to recover the value of the same. On the trial of the cause the jury found in favor of the defendant. The plaintiff brings the cause into this court by petition in error. The errors relied on in the plaintiff's brief are: *First*, That the verdict is not sustained by sufficient evidence. *Second*, That the matters in controversy were adjudicated in the United States district court.

It will thus be seen that the principal facts in the case are very similar to *Twyne's Case*, 3 Coke, 80. The question presented is this: Where there is an

absolute sale of personal property, when the vendor at the time of the sale is in possession of the same, must there be an actual change of possession, so far as the property sold is susceptible of it, in order that the sale may be valid as against creditors then existing?

Section 70 of chapter 43 of the Revised Statutes of 1866 provides that "Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels by way of mortgage and security, or upon any condition whatever, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold, mortgaged, or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor, or the persons making such assignment, or subsequent purchasers in good faith; and shall be conclusive evidence of fraud, unless it shall be made to appear on the part of the persons claiming under such sale or assignment, that the same was made in good faith and without any intent to defraud creditors or purchasers." Gen. Stat., 393.

The proper construction of this section was before this court in the case of *Robison v. Uhl*, 6 Neb., 333. The court say: "Under the operation of this section it will be seen that the decisions of the courts of those states where the rule of the common law prevails cannot be followed. Under our statutes the retention of possession by the seller is, at most, only *prima facie* evidence of fraud, which may be entirely rebutted by the circumstances attending the transaction." This we regard as a proper construction of the section quoted. The mere retention of possession by the vendor is regarded as *prima facie* evidence of fraud against his creditors, and is void as to them unless the vendee shall prove the transaction to have been *bona fide*—that

is, it puts upon the vendee the burden of satisfying the jury that the sale was fair and entered into in good faith. The question of fraudulent intent is one of fact to be determined from the evidence in the case. In but few instances can fraud be established by direct testimony, and ordinarily it must be proved by circumstantial evidence. In the case at bar the entire evidence connected with the transaction was before the jury, and no objections are now made to the rulings of the court in admitting or rejecting the same. Neither are objections made to the instructions given by the court. Such being the case we find it impossible from the nature of the testimony to say that the verdict is wrong. So with regard to the prior adjudication, it is very clear that the matters in issue in the former case were not between the parties to this action, and they are not bound by such adjudication. There is no error in the record and the judgment must be affirmed.

JUDGMENT AFFIRMED.