Edgerton, C. J.
This is an action brought by the plaintiff to recover possession of certain goods attached by the defendant, as sheriff, at the instance of certain creditors of Michael Grady. The plaintiff claims to have bought the goods of Michael Grady, and to have paid a full consideration therefor. The creditors claim that the sale was fraudulent and void under section 2024 of the Civil Code.
It is not contended that the sale was not bona fide in fact, and for a full and adequate consideration; but it is contended that there was -no such actual and continued change of possession as took the case out of the statute.
There are three assignments of error, all relating to the charge of the Court. The charge of the Court is not set forth in the record, and this court has no knowledge of what such charge was, except as to the fragments excepted to by counsel.
*298 The first exception is to that portion of the charge, given upon the Judge’s own motion, in which he • announces the rule that a vendee, under our statute, need not remain in actual possession, but may do so by agent, and such agent may be the seller of the property, “ if the possession be such as to advise the creditors of the change in the title of the property.”
This charge, with the qualification and limitation attached, as to the public, open and notorious character of the possession, states the law accurately.
The statute does not mean, that if, by any accident or chance, the property purchased shall come into the hands of the original owner, the creditors of such former owner may seize the property to the injury of bona ficle owners and purchasers. It does not mean that the purchaser of a stock of goods may not employ the former owner as a mere clerk or salesman. It means that the sale shall be open and public, that the world may be apprised of the change of ownership.
The change of possession must l^e actual and continued, and not subject to some secret trust between the seller and buyer. If such is the character of the possession, the statute is satisfied and the sale will not be avoided.
“ The employment of the vendor by the vendee after the sale, “ may be proved as a fact tending to show that there has been no “ actual or continued change of possession; but when proved it “ does not become conclusive of the question, but only an element “ of proof to be weighed by the jury.
“ After a sale of goods and chattels, and an actual change of “ possession, the employment of the vendor by the vendee, in the “ capacity of a clerk or salesman, is not, per se, a conclusive evi- “ dence of fraud which admits of no explanation. After a sale of “ goods and chattels in good faith, and an actual and notorious *299 change of possesion, the employment of the vendor by the ven-u dee as a mere clerk or salesman, is not a fraud which vitiates the (i sale, because the change of possession is not continued: 26 Cali- “ fornia, SIT”
The whole law of the case is stated carefully and clearly in the fragments of the charge before this court. The employment of Michael Grady by the plaintiff after the sale, was a fact to go to the jury with all the other facts, to be by them considered upon the question of whether there was an immediate delivery, and an actual and continued change of possession.
The employment of Michael Grady was not a fraud, per se, that could not be explained. It is the fact, that immediately after the sale the former owner is found in such situation of apparent ownership, which is to go to the jury with the other facts, to aid them in determining whether he is such clerk and salesman, or still owner in fact, of such property.
The language of the charge given, is nearly verbatim that used by the best adjudicated cases: Stevens v. Irwin, 15 California, 506; Godchaux v. Mulford, 26 California, 316; Ford v. Chambers, 28 California, 13; Warner v. Carleton, 22 Illinois, 424; Stanley v. Robbins, 36 Vermont, 423.
The request asked by the defendant, if good law in any case, was not applicable to the facts of this case, so far as the facts are before the court; and again, it no where appears, if such charge had been applicable, that it had not already been substantially given, either of which would be good grounds for refusing it.
It appearing that the case was fairly submitted to the jury, upon the facts, the judgment should be,
Affirmed.
All the Justices concurring.