SIMON SWARTZBURG v. W. J. DICKERSON, J. D. DYER, W. W. SPAWR, I. A. SMITH, H. ARRINGTON, E. C. NICHOLS, AND S. S. RAINS.

(Filed June 6, 1903.)

SALE—Possession, Change of. An actual and continued change of possession as contemplated by the statute must be open, notorious and unequivocal, and such a change as to apprise the community, or those who are accustomed to deal with the party, that the goods have changed hands, and the title has passed from the vendor to the vendee.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before Benj. F. Burwell, Trial Judge.*

*J. H. Woods,* for plaintiff in error.

*Frederick King* and *H. E. Howell,* for defendants in error.

Opinion of the court by

HAINER, J.: This was an action commenced in the district court of Pottawatomie county by the plaintiff in error,

against W. J. Dickerson and others on his official bond, for
the wrongful seizure and sale of a certain stock of goods
alleged to be the property of the plaintiff under certain or-
ders of execution issued from the probate court of said
county, which executions were directed to W. J. Dickerson,
as sheriff, commanding him to satisfy the same from the goods
and chattels of one A. C. Pickens. The plaintiff averred in
his petition that the goods seized and sold under said execution
were his property. The defendants answered by a general
denial, and that the property levied upon under the execu-
tions was not sold in good faith by said Pickens to the plain-
tiff, but that the change of possession of such goods from Pick-
ens to the plaintiff was only a pretended sale, and made for
the purpose of defrauding and cheating the just creditors of
Pickens. To this answer a reply was filed consisting of a
general denial. Upon the issues thus framed the cause was
tried by a jury, and a verdict returned in favor of the de-
fendants. The plaintiff brings the case here on appeal. The
judgment of the court below is sought to be reversed on the
ground that the court erred in giving instructions four and
five to the jury. Instruction four reads as follows:

"The sale of goods or property by one who is involved
deeply in debt and unable to meet his obligations, in order to
be valid against the creditors of the grantor, must be ac-
companied by open and notorious change of possession from
the grantor to grantee; and in this connection the court in-
structs you that unless you believe from the evidence that the
plaintiff purchased the goods in question from A. C. Pickens in
good faith and immediately took open and notorious possession
of said goods, such as would apprise the defendant and com-
munity of such change of possession you must find for the de-
fendant as to any goods he claimed he purchased from the said

A. C. Pickens. By open and notorious possession, I mean public change of possession, which is to continue and to be manifested continually by the outward and visible signs, such as render it evident that possession of the judgment debtor has ceased."

And instruction five is as follows:

"You are further instructed that if you find that the plaintiff had a portion of the goods in question stored in the Pickens store, and afterwards mixed and secreted them with goods he claims he purchased from Pickens, and you further find that said Swartzburg, plaintiff, caused said goods alleged to have been purchased from Pickens to be hidden and secreted, and did not take open and notorious possession of said goods, then you must find for the defendant."

It is contended by the plaintiff in error that these instructions went too far as to what is necessary in law to constitute a change of possession of goods, in using the word "notorious," and the phrase, "such as would apprise the defendant and community of the change of possession," and "such as render it evident that the possession of the judgment debtor has ceased," and "hidden and secreted."

The contention, in our opinion, is not well taken.

By the express and positive terms of our statute, every transfer of personal property, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession, is conclusively presumed to be fraudulent, and therefore void as against those who are creditors of the one making such transfer, while he remains in possession and the successor in interest of such

creditors. It follows that an actual and continued change of possession, as contemplated by the statute, must be open, notorious and unequivocal, and such a change as to apprise the community or those who are accustomed to deal with the party that the goods have changed hands, and that the title has passed from the vendor to the vendee.

The supreme court of the territory of Dakota in construing what constitutes a change of possession within the meaning of this statute in 1884, in the case of *Grady v. Baker,* 19 N. W. 417, uses the following language:

"It means that the sale shall be open and public; that the world may be apprised of the change of ownership. The change of possession must be actual and continued, and not subject to some secret trust between the seller and buyer. If such is the character of the possession, the statute is satisfied, and the sale will not be avoided."

In our opinion the instructions fairly state the law as applied to the evidence in this case; and the answers to the special interrogatories submitted to the jury fully sustain the verdict and the judgment of the trial court.

The judgment of the court below is therefore affirmed.

Burwell, J., who presided in the court below, not sitting; Burford, C. J., dissenting; all the other Justices concurring.