## COCHRAN GROCERY CO. v. HARRIS.

No. 876. Opinion Filed May 9, 1911.

1. **FRAUDULENT CONVEYANCES—Sale of Personalty—Delivery—Change of Possession.** Under section 2663, Okla. Stats. 1893, every transfer of personal property other than a thing in action, if made by a person having at the time the possession or control of the property, and not accompanied by immediate delivery and followed by an actual and continued change of possession, is conclusively presumed to be fraudulent and therefore void, as against those who are creditors of the person making such transfer while he remains in possession.

2. **SAME—Agreed Facts—Question for Court.** Where the facts are undisputed, it is for the court to determine as a question of law whether such facts show such an actual and continued change of possession as will render a transfer of personal property valid as against creditors of the seller.

(Syllabus by the Court.)

*Error from Atoka County Court; J. H. Linebaugh, Judge.*

Action by the Cochran Grocery Company against J. L. Green & Company, W. E. Harris intervening. From a judgment for intervenor, plaintiff brings error. Reversed.

*W. J. Horton* and *J. M. Humphreys,* for plaintiff in error. *Ralls Brothers,* for defendant in error.

TURNER, C. J. On February 7, 1908, Cochran Grocery Co., plaintiffs in error, sued J. L. Green & Co., before a justice of the

peace in and for Atoka county, on account for goods, wares, and merchandise sold defendants, and attached 150 bushels of corn in defendants' crib in Peck as their property. Later W. E. Harris, defendant in error, intervened and claimed said corn as an innocent purchaser for value from defendants prior to said attachment. There was judgment for plaintiffs for their debt, and for said Harris on his interplea, and, when on trial anew in the county court there was judgment again in favor of the interpleader, plaintiffs bring the case here. The only question necessary to determine is whether there was an "actual and continued change of possession" of the corn after the same was purchased, within the contemplation of Wilson's Stats. of Okla., 1903, which reads:

"Every transfer of personal property * * * is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession, etc."

On this point there is no conflict in the testimony. The evidence discloses that on November 17, 1907, while J. L. Green, of the firm of Green & Co., and the interpleader, Harris, were living at Peck, Oklahoma, where said firm was in business, the corn in question belonged to defendants and was stored across the street and a few steps from Green's place of business in said town; that on the day of the sale Harris and Green went into the middle of the street, looked at the corn, measured the crib, which was not full, estimated it to contain about 190 bushels, whereupon interpleader bought it, paying $90 cash, said Green then and there giving interpleader a bill of sale therefor; that at that time the door of said crib was locked with a padlock, the key to which Green then and there turned over to interpleader; that he thereupon put said key in his pocket and moved to Atoka; that when he returned to Peck from Atoka, about two months later, he gave the key back to Green, telling him that he might sell the corn at 60c per bushel; also that he might feed some of it to his

pigs, and that he had sold and fed same up to the time the corn was attached; that he did not know how much of the corn Green fed or sold, but since the trial in the justice's court he had reported a sale of 15 bushels; that interpleader had never used or fed any of the corn and did not know how much there was on hand at the time of the trial in the county court; that Green was in possession of the corn and had the key to the crib at the time plaintiffs' attachment was levied.

The taking of a bill of sale for the corn and the delivering to the purchaser of the key to the crib were not sufficient to satisfy the statute. The delivery of the key to the crib was at most immediate constructive delivery of the corn in the crib. 24 Am. & Eng. En. Law, p. 1048. Putting the key and the bill of sale in his pocket and going away and staying two months, leaving the corn undisturbed, were not the exercise of such acts of ownership on the part of the interpleader as to afford reasonable notice to the public of a change of ownership of the corn, and hence not an actual and continued change of possession thereof. That interpleader surrendered even this constructive possession before the attachment when he came back from Atoka and returned the key to defendant and permitted him to sell the corn and feed it to his hogs, is clear.

There being no dispute as to the facts, the legal effect is for us to determine (*Waters v. Ratliff,* 10 Okla. 262), which we do, and declare the same to be a fraud in law upon the rights of this attaching creditor.

In *Waters v. Ratliff,* 10 Okla. 273, the court said:

"The delivery must be made of the property; the vendee must take actual possession; that possession must be open and unequivocal, carrying with it the usual marks and indications of ownership by the vendee. It must be such as to give evidence to the world of the claims of the new owner. * * * There was nothing in the evidence from which it could be fairly and reasonably inferred that any open, positive change of possession ever took place. There was nothing done by which the general public could discern any outward signs of a change in possession. There was

no evidence of such a delivery as the circumstances of the case would reasonably admit of; hence, the court was bound to hold, as a matter of law, that the attempted sale or transfer of the wheat was fraudulent and void, as to creditors of John Walters. There was no apparent change in the conditions at any time."
—*Swartzberg v. Dickerson et al.*, 12 Okla. 566; *Bell v. McClellan* (Cal.) 7 Pac. 600; *Bassinger v. Spangler* (Cal.) 10 Pac. 809; *Goard v. Gunn* (Col.) 22 Pac. 918.

The court erred in failing to instruct peremptorily for the plaintiff.

Reversed.

All the Justices concur.