## SANKEY, Sheriff, v. SUGGS.

No. 15493—Opinion Filed June 16, 1925.

Rehearing Denied Sept. 8, 1925.

1. **Fraudulent Conveyances—Sale of Chattels—Change of Possession—Question of Sufficiency for Court.**

Where the facts are undisputed, it is for the court to determine as a question of law whether such facts show such an actual and continued change of possession as will render a transfer of personal property valid as against creditors of the seller.

2. **Same—Sufficiency of Change of Possession.**

An actual and continued change of possession, as contemplated by the statute, must be open, notorious, and unequivocal and such a change as to apprise the community, or those who are acustomed to deal with the party, that the goods have changed hands, and the title has passed from the vendor to the vendee.

3. **Same.**

There must be no apparent possession in the seller. The possession cannot be shared by the vendor and vendee, and the change of possession to the vendee must not only be actual, but apparent from the facts and circumstances upon which he relies to establish his possession.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Grady County; Will Linn, Judge.

Action by J. D. Suggs against Matt Sankey, Sheriff of Grady County, for recovery of an automobile. Judgment for the plaintiff. Defendant brings error. Reversed, with instructions.

Wilson, Tomerlin & Threlkeld, and S. S. Chandler, Jr., for plaintiff in error.

Bailey & Hammerly, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Grady county, Okla., by J. D. Suggs, defendant in error, plaintiff below, against Matt Sankey, sheriff of Grady county, plaintiff in error, defendant below, for the recovery of the posession of one Franklin five-passenger automobile of the value of $600.

The parties will be referred to in this opinion as plaintiff and defendant, as they appeared in the lower court.

This is an ordinary action in replevin, in which it is alleged that the plaintiff, J. D. Suggs, was the owner of one Franklin five-passenger automobile, and that the same was wrongfully and unlawfully detained by the defendant after lawful demand had been made therefor, and prayed judgment for the possession of the said automobile, or the value thereof in the sum of $600. Proper affidavit and bond were filed and order of replevin was issued, and the property seized and turned over to the plaintiff by the sheriff of Grady county. The defendant answered by way of general denial and asked that he have a judgment for the recovery of the possession, or the value of the automobile in money, together with damages for the detention of same and costs.

The cause was tried to a jury and at the close of the evidence on part of the plaintiff, the defendant demurred to the sufficiency of the evidence to sustain the allegations of his petition, which was overruled and exception reserved, and at the close of all the evidence in the case the plaintiff and defendant both asked for instructed verdicts, which requests were refused and exceptions reserved.

After instructions by the court, the jury returned its verdict in favor of the plaintiff.

Motion for new trial was filed, heard, and overruled; exceptions reserved, and the court pronounced judgment on the verdict of the jury that the plaintiff recover of and from the defendant the possession of the automobile and his costs, from which judgment the defendant appeals to this court for review.

Attorneys for defendant set up 13 assignments of error, but argue the same under the following heads:

"1. The court erred in overruling defendant's demurrer to plaintiff's evidence.

"2. The court erred in overruling the motion of defendant for a directed verdict."

"3. The court erred in giving instructions numbered three four, five and six, and re-

fusing to give requested instructions numbered one, two, three and four."

It was admitted at the trial of the case that the Franklin automobile in question was levied on as the property of Ben F. Johnson by the defendant, as sheriff of Grady county, under an execution issued in the case of First National Bank of Norman, Oklahoma, v. Ben F. Johnson, and that the note, upon which said judgment was rendered, was dated February 14, 1921.

The plaintiff, J. D. Suggs did not appear and testify at the trial. The only evidence introduced in chief came from the witness Ben F. Johnson, the seller, who testified that at some time in the fall of 1920 he became involved financially and that he was deeply indebted to Suggs; that he turned over to Suggs a large portion of his property, including his home in Chickasha, and that in April, 1921, he told plaintiff that the automobile, in controversy here, was old and expensive and if it would be of any service to him he could take it and allow him anything he wanted to on the automobile, but that Suggs had never paid him anything and that they had never agreed upon the price of the automobile; that it was kept in the garage at the home in the same place that it had always been kept and that he lived in the home as he had always done, and that Suggs stayed with him when he was in Chickasha, but that the plaintiff's home was in San Angelo, Tex.; that he used the automobile whenever he wanted to and that Suggs used it with him when he was in Chickasha; that he looked after Suggs' business affairs, but that Suggs paid him no salary but paid the bills for the upkeep of the automobile and paid the household expenses, and in his testimony he made the following admission: "I don't know whether a person ever had that feeling of knowing it is a man's and using it being somebody else's. The car is the same as mine, but I don't own the car." And again he says, in answer to the following question: "As a matter of fact he has permitted you to use it as your own, has he?" Answer: "Yes, I use the car." And at another place he says: "I use the car whenever I want to, yes." He admitted that he made applications for the license for the automobile for the years 1921 and 1922, one being dated August 1, 1921, and the second July 18, 1922, and, at the close of the testimony of Ben F. Johnson, the plaintiff rested his case and the defendant demurred to the sufficiency of the evidence to sustain the allegations of the petition. We are of the opinion that this demurrer should have been sustained for the admissions of the plaintiff's witness, Ben F. Johnson, are such that, under the rule laid down by this court in the case of Cochran Grocery Co. v. Harris, 28 Okla. 715, 116 Pac. 185, it was the duty of the court to pass upon the evidence as a matter of law. The court said:

"Where the facts are undisputed it is for the court to determine as a question of law whether such facts show such an actual and continued change of possession as will render a transfer of personal property valid as against creditors of the seller."

Section 6021, Comp. St. 1921, provides:

"Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or incumbrancers in good faith subsequent to the transfer."

We do not think, from the admitted facts by the plaintiff's own witness, who was the seller, that the transfer of the personal property, being the automobile here, was followed by such an actual and continued change of possession as required by the statute, and that the transfer was void as against the judgment creditor in this case while Johnson remained in possession under the circumstances admitted here. While it is true that section 6025 provides that a debtor may have the right to prefer one or more of his creditors in good faith to secure a valid debt, yet to constitute such a transfer a legal and valid transaction, such transfer must be accompanied by such change of possession as provided for in section 6021. supra, as this section applies to "every transfer of personal property."

In the case of Swartzburg v. Dickerson et al., 12 Okla. 566, 73 Pac. 282, it was held:

"An actual and continued change of possession, as contemplated by the statute, must be open, notorious, and unequivocal and such a change as to apprise the community, or those who are accustomed to deal with the party, that the goods have changed hands, and the title has passed from the vendor to the vendee."

The approved instructions in the above case defined possession as follows:

"By 'open and notorious possession' I mean public change of possession, which is to continue and to be mainifested continually by the outward and visible signs, such as render it evident that the possession of the judgment debtor has ceased."

To the same effect is the case of Ellet-Kendall Shoe Co. v. Ross, 28 Okla. 697, 115 Pac. 892.

In the case of Israel v. Day, 92 Pac. 698, the Supreme Court of Colorado said:

"* * * There must be no apparent possession left in the vendor.

"The possession cannot be shared by the vendor and vendee, and the change of possession to the vendee must not only be actual but apparent, from the acts upon which he relies to establish his possession."

In the case of Davenport v. Alexander et al., 200 Pac. 771, which is almost identical with the instant case the Court of Appeals of California said:

"He (the seller) testified that he had the agreement with the plaintiff that he might use it as he needed it, whenever it was necessary in his work as a salesman, that he had used the car subsequent to the alleged transfer, and that sometimes it was in plaintiff's garage and sometimes in his."

The court in that case held the transfer to be void against the seller's creditors.

In the case of Williamson-Halsell-Frazier Co. v. King, 58 Okla. 120, 158 Pac. 1142, this court held the sale void as against creditors, and held that the statute admits of no explanation excusing the delivery and change of possession, and that it was the intention of the Legislature to exclude all the inquiry as to the consideration for the sale or the motives prompting the same, and, where there was no such change of possession, the transfer was fraudulent, and that the courts had no right to avoid its force and effect; citing a long list of authorities.

We are, therefore, of the opinion, under the admissions of Ben F. Johnson, the seller, in his testimony and under the authorities, heretofore cited and quoted in this opinion, that the court committed an error in not sustaining the demurrer of the defendant at the close of the testimony on part of the plaintiff, and we are clearly of the opinion that the attempted change of possession, as disclosed by the record here, was not such a change as is contemplated by the statute, that would give validity to the sale by Johnson to the plaintiff in this case.

We are, therefore, of the opinion that the judgment of the lower court should be re-versed, with instructions to sustain the demurrer and render judgment in favor of the defendant for the return of the automobile or its value in the sum of $600, if the return thereof cannot be had.

By the Court: It is so ordered.

Note.—See under (1) 27 C. J. p. 841. (2) 27 C. J. p. 579. (3) 27 C. J. p. 580. See under (1, 2) anno. 34 L. R. A. 54; 12 R. C. L. p. 561, 2 R. C. L. Supp. p. 1456.