## WILLIAMS v. COOK.

No. 35379.

Supreme Court of Oklahoma.

Sept. 15, 1953.

Rehearing Denied Oct. 6, 1953.

O. B. Martin, Oklahoma City, for plaintiff in error.

I. J. Blevins, Ada, and Louie W. Beck, Purcell, for defendant in error.

BLACKBIRD, Justice.

This action was brought by W. F. Williams as plaintiff to enjoin the sale of eleven head of cattle by Don B. Cook, Sheriff of McClain County. The trial was to the court without a jury and at the conclusion of the trial the court entered judgment for the defendant and plaintiff appeals. The parties will be referred to by their trial court designations.

Defendant levied upon eleven head of cattle under an execution on a judgment for $785 obtained by Elmer West in an action against Athel Williams, the father of plaintiff. Plaintiff testified that in the year 1942 he bought ten head of cattle and placed them in his father's pasture, in his father's herd; that these cattle and the increase thereof were his; that under date of January 1, 1951, he and his father had a dissolution of partnership and by this agreement he became the owner of certain cattle designated in a written agreement. This agreement was signed only by Athel Williams. It was recorded in April, 1951 in McClain County. The levy on the cattle was made in July, 1952. A former execution under the same judgment had been issued and a levy made on certain cattle as cattle of Athel Williams. The plaintiff in this action brought an action in case No. 8325 and successfully enjoined the sale of the cattle. This judgment became final and no appeal was taken therefrom. The cattle levied upon and released in cause No. 8325 were returned to the pasture of Athel Williams.

After the levy in the present case it was claimed that three head of the cattle in the second levy were the same as those in the first levy. This is one of the questions hereinafter discussed.

It is first contended that the court erred as a matter of law in holding that the sale and transfer of the cattle from Athel Williams to the plaintiff was void as to the judgment creditor. We do not agree. The

court based its ruling on the ground that the cattle were never delivered to the plaintiff, and that, under 24 O.S.1951 § 6, it is conclusively presumed to be a fraudulent transfer as to the judgment creditor.

Plaintiff cites and relies on Love v. Schmidt, 26 Okl. 648, 110 P. 665, 31 L.R.A., N.S., 1162; Masters v. Teller, 7 Okl. 668, 56 P. 1067; Brown v. O'Neal, Sheriff, 95 Cal. 262, 30 P. 538; Lake v. Morris, 30 Conn. 201, and several other cases. These cases are authority for the rule that a party who has only constructive possession of chattels is not within the rule of statutes similar to 24 O.S.1951 § 6. Most of the cases involve the transfer of a joint interest. They are not in point. The testimony of plaintiff does not support a joint tenancy. Either one of two things happened under the undisputed testimony of plaintiff and his father, Athel Williams. Either the son owned certain cattle all of the time or on January 1, 1951, the father transferred certain cattle to the son. In either event there was no proof of joint tenancy.

Plaintiff also cites McCord-Collins Mercantile Co. v. Dodson, 32 Okl. 561, 121 P. 1085, and Rawleigh Co. v. Gauntt, 175 Okl. 561, 54 P.2d 324. The principle enunciated in these cases is based upon the inability to make a complete transfer of chattels under the statute. They are not in point. Plaintiff also relies upon Farmers State Bank of Burbank v. Tipton, 170 Okl. 26, 38 P.2d 569. This case is readily distinguishable from the case at bar. Therein the wife purchased cattle and placed them on the farm owned by her and her husband. No transfer by the wife was involved.

We have examined each of these cases and find that they are not applicable herein. None of them hold that there can be a sale by a party in possession of chattels capable of delivery that is good against a party named in the statute unless such sale is accompanied by a change of possession to the purchaser.

■ The evidence is in conflict as to whether or not plaintiff ever owned any of the cattle prior to January 1, 1951. In fact, plaintiff bases his entire theory of ownership of the cattle upon the instrument executed by his father on January 1, 1951. He further testified that he had obtained the right to certain real property near Guthrie, Oklahoma, and intended to remove the cattle to this property. He failed to explain why the cattle were never removed from his father's pasture. His only claim of possession is a statement that he hired some man to feed the cattle while they were in his father's pasture. In Sankey, Sheriff v. Suggs, 111 Okl. 293, 239 P. 149, 151, we said:

"An actual and continued change of possession as contemplated by the statute must be open, notorious, and unequivocal, and such a change as to apprise the community, or those who are accustomed to deal with the party, that the goods have changed hands, and the title has passed from the vendor to the vendee."

The evidence here is sufficient to sustain the finding made by the trial court that the transfer of the cattle was void as to the judgment creditor.

■ ■ In a second proposition as stated above it is argued that the trial court erred in finding that the sheriff did not levy on any cattle levied upon in the first levy determined in cause No. 8325. The testimony on this point is in irreconcilable conflict. We have examined the evidence and find that it is sufficient to sustain the finding of the trial court that no cattle formerly levied upon were levied upon in the second execution. The sheriff, the man in charge of the cattle at the barn where they were held, and one of the men who helped in rounding up the cattle testified definitely that none of the cattle levied upon in the first proceeding were levied upon in the latter. This evidence is sufficient to sustain the finding of the trial court.

Judgment affirmed.

HALLEY, C. J., and CORN, DAVISON, ARNOLD and O'NEAL, JJ., concur.