Eather Earl BENTON and Mary Benton, Plaintiffs in Error,

v.

Robert D. ORTENBERGER, Edmond D. Jones, Jr., and Edmond D. Jones, III, and Citizens State Bank of Tulsa, Oklahoma, Defendants in Error.

No. 38841.

Supreme Court of Oklahoma.

May 15, 1962.

**716**

David Young, Glenn O. Young, Sapulpa, for plaintiffs in error.

Robert L. Cox, Oklahoma City, for defendants in error.

PER CURIAM.

This action was instituted in the Court of Common Pleas of Tulsa County for damages for conversion of personal property. At the close of the trial the defendants' motion for directed verdict was sustained and judgment rendered accordingly. An appeal has been prosecuted to this court by the plaintiffs from that judgment.

In presenting their argument that the trial court erred in directing verdict for defendants, the plaintiffs rely on the rule of law which defines conversion, and cite Aylesbury Mercantile Co. v. Fitch, 22 Okl. 475, 99 P. 1089, 23 L.R.A.,N.S., 573; First National Bank of McCloud v. City National Bank of Wellington, Tex., 71 Okl. 52, 175 P. 253; George W. Brown & Sons State Bank v. Polen, 132 Okl. 121, 270 P. 9; American National Bank of Wetumka v. Hightower, 184 Okl. 294, 87 P.2d 311; Champlin Refining Co. v. Aladdin Petroleum Corp., 205 Okl. 524, 238 P.2d 827; Hall v. Deal, 205 Okl. 46, 234 P.2d 384; all of said cases hold conversion is any distinct act or dominion wrongfully exerted over personalty of another in denial of or inconsistent with his rights therein. Murrell v. Griswold, Okl., 338 P.2d 150, is also cited in support of said argument. In that case we held:

> "A mere illegal taking or wrongful assuming of right to personal property constitutes 'conversion' and no further step is necessary to perfect right of action therefor."

We agree with these authorities, and with the rule of law defining conversion as stated therein, however, we do not agree that the above cases are in point with the question herein presented. The question of title or ownership of the property is not raised in the above cases, while that is the determining factor upon which the trial court apparently directed a verdict for defendant in the case before us.

In further support of their argument plaintiffs call our attention to the case of Wilson Motor Co. v. Dunn, et al., 129 Okl. 211, 264 P. 194, 57 A.L.R. 17, wherein we said:

> "Although a chattel mortgage provides that the mortgagee, under certain conditions, may take possession of the mortgaged property, yet neither the mortgagee, its assignee, nor their

agents have the right to take possession of the property by force, threats, violence, or stealth, and without the consent of the mortgagor. The law will not permit a mortgagee to commit or threaten a breach of the peace and then to justify the conduct by a trial of the rights of property."

Upon examination of the record in this case we do not find the defendants to have taken the property by either force, threats, violence or stealth. Their taking said property was based upon title to the same acquired when the bank as creditor foreclosed a mortgage executed to it by Davidson (purported seller) and purchased the same at foreclosure sale approved by the court.

■ In actions for conversion the burden of proof is on the plaintiff to prove every fact essential to his right to recover. He must show title or ownership in himself, of the property involved. He must show a conversion of the property involved, and in order to establish a conversion plaintiff must prove some affirmative wrongful act. He must prove the damages sustained by him. Plaintiff must prove his ownership or right of possession by a preponderance of the evidence, and if the evidence is evenly balanced on the right of possession he cannot recover. 89 C.J.S. Trover and Conversion §§ 116 to 133 inclusive, pages 608–622.

Plaintiffs base their title to the property here involved upon a bill of sale from Mrs. Marion Davidson to property described as one-Columbia House Trailer, Serial No. 8842, used as Cabin House Boat, located at Mitchell's Docks on Fort Gibson Lake, and a conditional sales contract entered into between Eather E. Benton, one of the plaintiffs, and West Tulsa Trailer Sales, executed by W. Bert Davidson as agent for West Tulsa Trailer Sales, as seller and Benton as buyer, which describes the property as used 1952 Columbia Turquoise and White, 33 feet length, Serial No. 8842. Their ownership is based on purported possession by having a key to the said houseboat, access thereto and some personal belongings situated thereon. The property taken and removed by the defendants was a houseboat bearing serial number 110 D 5930, which was the only houseboat ever kept at Mitchell Boat Dock by Davidson, and was the same Serial No. shown in their chattel mortgage and in the foreclosure sale.

Eather Earl Benton, one of the plaintiffs, testified that he was not to pay any consideration for the houseboat, but that W. Bert Davidson agreed to pay all of the monthly payments to the finance company to whom Davidson had assigned conditional sales contract, and did so until his death. However, he was required to and did pay the balance due the finance company on the contract after the death of Davidson. His testimony further revealed that it was understood between him and Davidson that when all of the payments had been completed by Davidson to the finance company he, (Benton) would be released from any obligation to the finance company and would return to Davidson the bill of sale which had been executed by the wife of Davidson; that Davidson received the money from the finance company for the contract at the time he assigned same to said company.

The record reveals that both the Bentons and the Davidsons had a key to the houseboat, both had personal belongings on the houseboat at the time of Davidson's death, and that both families had continued to use the said houseboat up to the time Mrs. Davidson removed her personal belongings therefrom after the death of her husband, and delivered her key to the administrator of the estate of her deceased husband.

In the case of Sankey v. Suggs, 111 Okl. 293, 239 P. 149, we held:

"There must be no apparent possession in the seller. The possession cannot be shared by the vendor and vendee, and the change of possession to the vendee must not only be actual but apparent from the facts and circumstances upon which he relies to establish his possession."

Title 24, Sec. 6, O.S.1951, provides as follows:

·"Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or incumbrancers in good faith subsequent to the transfer."

This section was adopted from the statutes of Dakota, and had been construed prior to its adoption by our Legislature by the Supreme Court of the Territory of Dakota, in the case of Grady v. Baker, 3 Dak. 296, 19 N.W. 417, wherein that court said:

"It means that the sale shall be open and public; that the world may be apprised of the change of ownership. The change of possession must be actual and continued, and not subject to some secret trust between the seller and buyer. * * *"

The facts are undisputed that after the purported sale to the Bentons by Davidson, Davidson continued to pay rent to Mitchell's Boat Dock for space for the houseboat, and the said houseboat continued to be registered with the Corps of Engineers under the business trade name of West Tulsa Trailer Sales, used by Davidson. Mr. Mitchell, who owned and operated said dock, was never notified of any change of ownership or possession until after the death of Davidson. The serial number shown in the purported bill of sale and conditional sales contract was a different number to that shown on the houseboat taken by the defendants under their title acquired through foreclosure sale.

At most, Benton has only been able to establish that he shared possession with Davidson after purported purchase, and that was under a secret trust agreement. This is insufficient to show complete transfer of possession. Sankey v. Suggs, supra.

We do not think, from the admitted facts by the plaintiff Benton, purported purchaser, that the transfer of the personal property was followed by such an actual and continued change of possession as required by the statute, and that said transfer was void as against the Citizens State Bank, a creditor, whom the defendants were acting for in taking possession of the said property.

Where the facts are undisputed, as here, it is for the court to determine as a question of law whether such facts show such an actual and continued change of possession as will render a transfer of personal property valid as against creditors of the seller. Sanky v. Suggs, supra.

In the case of Davis v. Howe, 99 Okl. 118, 226 P. 316, we held:

"Where, in an action for damages for aiding in the conversion of plaintiff's property, there is a complete failure in plaintiff's proof to show that the defendant charged knew of the plaintiff's ownership in the property, there is an entire lack of evidence to support a verdict for damages for aiding in the conversion, and a demurrer to the evidence, or motion for directed verdict, should be sustained."

We are of the opinion that this rule is also applicable where there has been a complete failure to show the title or ownership of property in plaintiff.

A verdict may and should be directed for defendant where there is either a total failure of proof authorizing recovery, where the evidence is all one way and is uncontradicted and but one legitimate inference may be drawn from it and a defense is thereby made out for defendant,

where the uncontradicted evidence shows defendant had a better title, where there was an entire lack of evidence to show there was a conversion, where plaintiff did not make out a prima facie case of ownership, or where from the testimony adduced all men of reasonable minds would come to the conclusion that defendant had not converted the property. 89 C.J.S. Trover and Convertion § 149(d), pages 632 and 633.

Therefore, for the reasons above stated, we are of the opinion, and so hold, that the trial court was not in error in directing verdict for defendants.

Judgment affirmed.

BLACKBIRD, V. C. J., and WELCH, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.