Carrol MEEKS, Appellee,

v.

CENTRAL NATIONAL BANK OF POTEAU, OKLAHOMA, Appellant.

No. 58465.

Court of Appeals of Oklahoma,
Division No. 2.

Oct. 18, 1983.

Released for Publication by Order of the Court of Appeals Nov. 18, 1983.

George H. McBee, Hamilton, McBee & Warren, Inc., James E. Hamilton, Hamilton & Warren, Inc., Poteau, for appellant.

Douglas W. Sanders, Poteau, for appellee.

BOYDSTON, Judge.

This appeal by Central National Bank of Poteau, Oklahoma (Bank) is from a jury verdict in favor of Carrol Meeks (Plaintiff) for Bank's conversion of Plaintiff's stock trailer. Bank's motions for judgment n.o.v. and new trial were overruled, and this appeal resulted. Based on our review of the evidence and applicable law, we find trial court erred as a matter of law by submitting Plaintiff's case to the jury. We reverse.

By virtue of a 1979 judgment, Bank was a judgment creditor of Plaintiff's brother, Melvin Meeks. On March 24, 1981, the county sheriff, pursuant to the judgment, levied on the trailer that was found at Melvin Meeks' home. The trailer was sold by the sheriff through proper proceedings. On April 7, 1981, Plaintiff filed suit against Bank for conversion and claimed the trailer belonged to him because he had purchased it from his brother, Melvin Meeks, on August 22, 1980.

■ The dispositive issued raised by Bank is whether the alleged sale was void as to Bank as a creditor under 24 O.S.1981 § 6, which states:

Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, conclusively presumed, if made by a person having at the time the possession or control of the property, *and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred,* to be fraudulent and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or encumbrancers in good faith subsequent to the transfer. (Emphasis added.)

The evidence presented at trial was that the trailer was picked up from Melvin Meeks' possession and that Melvin was at all times the record title owner of the trailer. In fact, Melvin had renewed title in his name less than a week before the sheriff levied on the trailer. Plaintiff claimed he paid Melvin $2,800 cash for the trailer, but Melvin could not account for the money. Both Plaintiff and Melvin admitted that Melvin used the trailer almost all of the time following the alleged sale. In addition, three independent witnesses testified that, based on their observations of the use of the trailer and on conversations they had with Melvin, Melvin was apparently always the owner of the trailer. Further, Plaintiff testified that the trailer was never kept at his house, but that it always remained at Melvin's house, 20 miles from Plaintiff's,

except for the short time the trailer was parked at the sale barn.

Based on this testimony, we find trial court erred in submitting the case to the jury because Plaintiff failed to show that the sale was followed by an "actual and continued change of possession" as required by the statute. The statute is intended to protect creditors from sham sales of property conjured after execution has issued to satisfy a debtor's obligations.

The statute recognizes that a valid sale carries with it the principal badge of its own validity; that is, transfer of possession and the exercise and enjoyment of all the usual attributes of ownership toward that property. A valid sale is usually not followed by an almost total indifference toward the property on the part of a bona fide purchaser. Such a sale by its nature is easily contrived, difficult to disprove and, but for the statute, would lay every creditor bare to suits such as this.

The issue therefore is not whether shared possession proved that ownership had passed to the buyer, but whether post-sale possession was indeed continuous and unbroken. And where, as in this case, possession is admitted to have been shared after a sale, the court is under a duty to direct a verdict in favor of the creditor.

The supreme court stated in *Benton v. Ortenberger*, Okl., 371 P.2d 715 (1962):

> At most, [plaintiff] has only been able to establish that he shared possession . . . after purported purchase, and that was under a secret trust agreement. This is insufficient to show complete transfer of possession . . . .

> We do not think, from the admitted facts by the plaintiff . . . that the transfer of the personal property was followed by such an actual and continued change of possession as required by the statute, and that said transfer was void as against the . . . creditor . . . .

> Where the facts are undisputed, as here, it is for the court to determine as a question of law whether such facts show such an actual and continued change of possession as will render a transfer of

personal property valid as against creditors of the seller. (Citations omitted.) See *Sankey v. Suggs*, 111 Okl. 293, 239 P. 149 (1925).

Accordingly, we REVERSE judgment for Plaintiff and REMAND to trial court WITH DIRECTIONS to enter judgment for Bank, together with costs of the action. Bank's supersedeas bond is hereby exonerated.

BACON, P.J., and MEANS, J., concur.