**INSTALLMENT FINANCE CORP., Appellant,**

v.

**HUDIBURG CHEVROLET, INC., and Helen Virgin, Appellees.**

**No. 64131.**

Supreme Court of Oklahoma.

July 3, 1990.

Robert H. Gilliland, Jr. and John E. Miller, McAfee & Taft, Okalahoma City, for appellant.

Warren L. Griffin, Midwest City, for appellee Hudiburg Chevrolet, Inc.

Blake Virgin, Norman, for appellee Helen Virgin.

SIMMS, Justice:

Plaintiff appeals from summary judgments in favor of both defendants below. The primary issues are whether a party holding a security interest in an automobile may recover damages for conversion from a tag agent who releases the secured party's lien by omitting it from a new certificate of title based upon a forged lien release form and whether the party may recover damages for conversion from an automobile dealer who purchases and resells the automobile after the lien is released by the tag agent.

We hold that appellant failed to plead and establish in summary judgment proceedings an action in conversion. Thus, we affirm the trial court's decision granting summary judgment to appellees. The facts upon which the court based its decision are undisputed.

Bonnie M. O'Neill purchased a 1980 Ford Bronco from Fred Jones Ford (Fred Jones) and executed an automobile retail installment contract for the unpaid balance granting Fred Jones a security interest in the vehicle to secure payment of the debt. Fred Jones then assigned the installment contract and security interest to appellant, Installment Finance Corporation (Installment). An Oklahoma County Tag Agent received a properly executed lien entry form which was signed by a Fred Jones representative in the blank bearing the pre-printed inscription "Secured Party/Assignee Signatures." The form also designated Installment as the assignee of Fred Jones' security interest. Upon receipt of the documents, the agent issued a certificate of title containing the lien information.

Thereafter, appellee Helen Virgin, a Cleveland County Tag Agent, or her employee, received a lien release form bearing the name of "Pat Burdett" on behalf of Fred Jones and purportedly releasing the lien on the Bronco. Burdett, an employee of Fred Jones, states in an affidavit that she did not sign the lien release form. After receiving the lien release form, Virgin, or her employee, issued a new certificate of title which omitted reference to the security interest. Thereafter, Hudiburg Chevrolet (Hudiburg) purchased the automobile which then had a facially clear certificate of title. Hudiburg in turn sold the vehicle to a third party.

Installment brought this action against Virgin and Hudiburg alleging they each converted Installment's interest in the vehicle. Upon these facts, the trial court denied Installment's summary judgment motion and granted summary judgment in favor of Hudiburg and Virgin.

Installment argues that it properly perfected its security interest which Virgin and Hudiburg converted. The perfection of the security interest bears no significance in our decision, and we therefore need not determine whether the lien was perfected.

In fact, perfection of the security agreement by Installment on the Ford Bronco is not now, nor has it ever been, an issue in this case. Neither of the Appellees, Virgin nor Hudiburg have questioned the fact that Installment perfected its lien when Fred Jones assigned the security agreement to them. Hudiburg's answer filed in the trial court judicially admitted that "the defendant Hudiburg Chevrolet, Inc. denies that it acted contrary to plaintiffs" *properly recorded and perfected* security contract ... (E.A.) Nor do either of the appellees take the position that Installment's lien was extinguished by Virgin's ommission of the notation of lien on the newly issued title. Therefore, we must assume the defendants recognize Installment's lien as still viable. This action is neither an action to replevin the vehicle nor does it involve the establishment of priority of liens. The sole issue the alleged conversion of a secur-

ity interest which no one urges has been extinguished.

Had Virgin complied with 47 O.S.1981, § 23.2b(B)(7), which reads: "The commission or one of its motor license agents shall have the duty to record the lien upon the face of the certificate of title issued at the time of paying all fees and taxes due on such vehicle," any subsequent purchaser of the vehicle would have taken with actual notice of the security interest.

See generally: *In re Boyd,* Okl., 658 P.2d 470 (1983); *In re Cook,* Okl., 637 P.2d 588 (1981); *In re Foster,* Okl., 611 P.2d 232 (1980). This notice also plays a part in our analysis of Hudiburg's liability to Installment.

■ This Court has long held that conversion is "any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Steenbergen v. First Federal Savings and Loan of Chickasha,* Okl. 753 P.2d 1330, 1332 (1987); *Benton v. Ortenberger,* Okl., 371 P.2d 715, 716 (1962). The term "dominion" implies "both title and possession and appears to require complete retention of control over dispositon." *Eastex Aviation, Inc. v. Sperry & Hutchinson,* 522 F.2d 1299, 1305 (5th Cir.1975). See also: *Black's Law Dictionary* (5th ed. 1979). Therefore, this definition infers that some form of wrongful possession or act of control over the property must occur. See also, *Davidson v. First State Bank and Trust Co., Yale,* Okl., 559 P.2d 1228, 1231 (1976) *opinion modified and rehearing denied,* 609 P.2d 1259 (1977). Installment does not allege in its petition, nor do the undisputed facts suggest, that Virgin was ever in possession or control of the property. Certainly Virgin possessed the certificate of title to the vehicle while issuing another certificate. However, this act was not "dominion" as required in a case of conversion. Accordingly, we find that Virgin's actions in mistakenly clearing the title did not constitute conversion of Installment's personal property because Virgin never exercised or attempted to exercise or

assume any dominion over the property. *Kelly v. Oliver Farm Equipment Sales Co.,* 169 Okl. 269, 36 P.2d 888 (1934). We are not called upon to pass on the issue of negligence by Virgin or address the right of Installment to replevin the vehicle from Hudiburg or its purchaser.

■ Hudiburg asserts it had no notice, either actual or constructive, of Installment's interest because the certificate of title made no reference to the interest on its face. Virgin issued a certificate of title which on its face showed the vehicle to be free of security interests. Therefore, from the face of the certificate of title, Hudiburg could not tell that Installment had a security interest in the vehicle. Consequently, Hudiburg received and sold the Bronco without notice, actual or constructive, of Installment's lien.[1]

Being without any notice of the interest, Hudiburg innocently purchased the vehicle and sold it without committing any wrongful act. There being no evidence of *wrongful* dominion over the property, we find that Hudiburg did not tortiously convert the property and is not liable to Installment under a theory of conversion.

With neither Virgin nor Hudiburg liable to Installment for conversion, we hold that the trial court properly granted summary judgments in favor of these defendants.

AFFIRMED.

HARGRAVE, C.J., OPALA, V.C.J., and DOOLIN and SUMMERS, JJ., concur.

LAVENDER, J., concurs as to Virgin, dissents as to Hudiburg.

ALMA WILSON and KAUGER, JJ., concur in part, dissent in part.

HODGES, J., dissents.

---

**1.** Appellant's constructive notice to third parties was made inefficacious by the original sellers fraudulent release form and issuance of a clean certificate of title.